## S. Y. Pope *v.* The State.

CRIMINAL LAW. *Circumstantial evidence. Instruction.*

> It is error to instruct the jury, in a case of circumstantial evidence, that if the hypothesis of guilt consists with all the facts proven, and accounts for their existence, they should convict.

ERROR to the Circuit Court of Leake County.

Hon. A. G. MAYERS, Judge.

The plaintiff in error was convicted of arson, in the burning of a certain saw and grist mill. He sued out a writ of error, and assigned, amongst other causes of error, the giving of the third instruction for the State. That instruction is substantially stated in the opinion of the court, and is decisive of the case here. The other points of error are not considered by this court.

*Huie & Davis,* for the plaintiff in error.

The third instruction for the State, not being sufficiently qualified by other instructions, was calculated to mislead the jury, to the defendant's prejudice. 1 Best on Ev. 388; 1 Greenl. on Ev., p. 18, sect. 13, p. 38, sect. 34.

*T. C. Catchings,* Attorney-General, for the State.

The third instruction for the State is to be taken in connection with all the other instructions given in the case, and construed together with them.

CAMPBELL, J., delivered the opinion of the court.

The vague, inconclusive, and unsatisfactory character of the evidence in this case, and the giving of the third instruction for the State, have determined us to reverse the judgment. This instruction is, in effect, that if the hypothesis of guilt consists with all the facts proved, and accounts for their existence, the jury should convict. This is not correct. The supposition of guilt may be consistent with all the facts in evidence, and may account for their existence, and yet all the facts in evidence may fall short of that convincing proof of guilt necessary to convict on circumstantial evidence.

Judgment reversed, new trial awarded, and case remanded.